960 So.2d 1127 (2007)
STATE of Louisiana
v.
Stanley S. DORSEY.
No. 07-KA-67.
Court of Appeal of Louisiana, Fifth Circuit.
May 29, 2007.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Andrea F. Long, Kenneth P. Bordelon, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Bruce G. Whittaker, Attorney at Law, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
*1129 Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS and FREDERICKA HOMBERG WICKER.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
On December 9, 2004, the Jefferson Parish District Attorney filed a bill of information charging defendant, Stanley Dorsey, with distribution of cocaine, a violation of LSA-R.S. 40:967 A. Defendant was arraigned on January 12, 2005, and entered a plea of not guilty.
Trial was held on April 26, 2005. At trial, Agent Josh Bell of the Jefferson Parish Sheriff's Office testified that on May 6, 2004, he was assigned to make undercover narcotics purchases in the Holmes Boulevard area of Gretna. The assignment was part of an ongoing narcotics operation targeting known drug trafficking areas. Agent Bell's unmarked vehicle was equipped with hidden video recording equipment. The officer was also equipped with an audio transmitter to allow nearby surveillance officers to monitor his activities.
Bell testified that at 2:15 p.m., he approached defendant, Stanley Dorsey, and asked him if he had a "twenty," a slang term for crack cocaine. Defendant asked Bell twice whether he was a police officer, and Bell responded that he was not. Defendant handed Bell two off-white rocks that the officer believed to be crack, and Bell gave defendant two pre-recorded twenty-dollar bills. Bell testified that he drove away from the area and radioed a description of defendant to backup officers.
Agent Lisa Thornton also testified at trial that she met with Agent Bell shortly after he completed the transaction. Bell described the transaction to her and gave her the off-white rocks he had purchased from defendant.
Deputy Russell Blanchard, one of Bell's backup officers, testified at trial that he located defendant immediately after receiving Bell's description. Blanchard conducted a field interview with defendant at Athena Avenue and Holmes Boulevard, and completed a field interview card with defendant's personal information. Blanchard testified he was in uniform when he spoke to defendant, and that defendant was cooperative.
Agent Thornton testified that once defendant became a suspect, she included a picture of him in a photographic lineup. She presented the lineup to Agent Bell on May 26, 2004. Bell immediately identified defendant as the man who sold him the off-white rocks. Thornton testified that defendant was not arrested until a later date so the safety of the undercover officer would not be compromised.
Thomas Angelica testified he is a forensic scientist with the Jefferson Parish Sheriff's Office Crime Lab, specializing in drug chemistry. He tested the fragments of the off-white material defendant sold to Agent Bell, and the result was positive for cocaine. Angelica testified the net weight of the cocaine was .14 grams.
Defendant was found guilty as charged by a twelve person jury. On May 18, 2005, the trial court sentenced defendant to twenty years, the first two years to be served without benefit of parole, probation, or suspension of sentence. On that day the State filed a habitual offender bill of information, alleging defendant to be a third felony offender. An admit/deny hearing was held, and defendant entered a denial to the allegations in the habitual offender bill. On November 9, 2005, defendant filed a motion to quash the habitual offender bill. Although that motion was set for hearing, there is no evidence in the record that the trial court ever ruled on it.
*1130 On October 11, 2005, defendant filed a pro se motion for an out-of-time appeal. The trial court denied the motion on October 17, 2005, citing defendant's failure to make his motion by way of an application for post-conviction relief, as required by law. On November 29, 2005, defendant filed an application for post-conviction relief, moving the trial court for an out-of-time appeal. The trial court granted defendant an out-of-time appeal on December 5, 2005.
On July 26, 2006, the State filed an amended habitual offender bill of information, alleging defendant to be a fourth felony offender. Defendant filed a written response to the habitual offender bill. On August 21, 2006, defendant entered a verbal denial to the allegations in the bill, and the trial court held a habitual offender hearing. The court found defendant to be a fourth felony offender. On that day, the judge vacated defendant's original sentence and imposed an enhanced sentence of 35 years at hard labor, without benefit of probation or suspension of sentence. Defendant made an oral motion for appeal.
On August 22, 2006, defendant filed a timely written motion for appeal. The trial court granted that motion on September 11, 2006.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant argues his habitual offender sentence of thirty-five years is constitutionally excessive, since the underlying offense was non-violent and involved the sale of a small amount of cocaine to a person he believed to be a fellow narcotics addict.[1] Defendant, who was twenty-four years old at the time of sentencing, argues his sentence is tantamount to a sentence of life imprisonment. The State responds that defendant's criminal history and the fact that he had pending criminal charges at the time of the instant conviction justified the sentence he received.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith, 01-2574, p. 6 (La.1/14/03), 839 So.2d 1, 4. A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. Id. A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. Id. On appellate review, the relevant question is not whether another sentence might have been more appropriate, but whether the trial court abused its broad sentencing discretion. Smith, 01-2574, at pp. 6-7, 839 So.2d at 4; State v. Anderson, 06-372, p. 6 (La.App. 5 Cir. 10/31/06), 945 So.2d 768, 771.
The three predicate convictions alleged in the amended habitual offender bill of information were first degree robbery (LSA-R.S.14:64.1), possession of cocaine (LSA-R.S.40:967 C), and unauthorized use of a motor vehicle (LSA-R.S.14:68.4). As a fourth felony offender, he was subject to a sentencing range of thirty years to life imprisonment. LSA-R.S. 15:529.1 A(1)(c)(i); LSA-R.S. 40:967 B(4)(b). His thirty-five year sentence was near the statutory minimum. Defendant does not argue on appeal  nor did he argue below  that the trial judge should have deviated *1131 below the statutory minimum sentence as provided in State v. Dorthey, 623 So.2d 1276 (La.1993). In any case, it is well established that the mere claim that one is a non-violent habitual offender and a drug addict is not sufficient to support a finding that the mandatory minimum habitual offender sentence is excessive. A repeat offender's propensity for violence is already factored into the sentencing scheme of LSA-R.S. 15:529.1. State v. Lindsey, 99-3302, p. 5 (La.10/17/00), 770 So.2d 339, 343, cert. denied, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001); State v. Harbor, 01-1261, p. 7 (La.App. 5th Cir.4/10/02), 817 So.2d 223, 227, writ denied, 02-1489 (La.5/9/03), 843 So.2d 388.
Sentences similar to defendant's have been held constitutional for similarly situated offenders. In State v. Girod, 04-854 (La.App. 5 Cir. 12/28/04), 892 So.2d 646, 650, writ denied, 05-0597 (La.6/3/05), 903 So.2d 455, this Court upheld the defendant's thirty-five year sentence as a fourth felony offender, where his underlying conviction was possession of a stolen thing and his predicate convictions included simple robbery, possession of PCP, and possession of cocaine. In State v. Wright, 05-477 (La.App. 5 Cir. 12/27/05), 920 So.2d 871, writ denied, 06-1141 (La.2/16/07), 949 So.2d 404, 2007 WL 781700, this Court found a thirty-year sentence for possession of cocaine was not excessive where the defendant was a fourth felony offender with predicate convictions for distribution of false drugs, simple robbery, and possession of cocaine.
Considering defendant's criminal history, we find the trial court did not abuse its broad sentencing discretion in imposing a thirty-five year sentence, only five years above the mandatory minimum. Therefore, we affirm defendant's sentence of imprisonment for thirty-five years.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant has requested an error patent review. This Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P.art. 920. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990) regardless of whether defendant makes such a request. Several errors are noted for review.
First, defendant filed a motion to quash the original habitual offender bill of information. Although the motion was set for hearing, there is no evidence in the record that the trial court ever held a hearing or ruled on the motion to quash. However, no corrective action is required. The motion was rendered moot by the State's subsequent filing of an amended habitual offender bill. Also, by proceeding to the habitual offender hearing without objecting to the court's failure to rule, defendant waived the motion. Compare, State v. Wise, 05-221, p. 7 (La.App. 5 Cir. 10/6/05), 916 So.2d 290, 293, in which this Court held that if a defendant does not object to the trial court's failure to rule on a motion prior to trial, the motion is considered waived.
Second, the court imposed the habitual offender sentence without benefit of probation or suspension of sentence, as required by R.S. 15:5291.1 G, but failed to require that the first two years be served without benefit of parole, as required by R.S. 40:967 B(4)(b). This error requires no corrective action, since R.S. 15:301.1 makes the restriction self-activating.
Third, the habitual offender commitment incorrectly shows the court imposed sentence without addressing parole, probation, or suspension of sentence. Therefore, we order the trial court to amend the commitment to show the habitual *1132 offender sentence is to be served without benefit of parole for the first two years, and without probation or suspension of sentence for the entire term.
Accordingly, we affirm defendant's sentence of thirty-five years and order the trial court to make the appropriate error patent correction as noted above.
AFFIRMED; WITH INSTRUCTIONS.
NOTES
[1] Defendant is limited to a bare review for constitutional excessiveness, since he failed to file a motion to reconsider sentence below. LSA-C.Cr.P. art. 881.1 E; State v. Lawson, 04-334, pp. 5-6 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622.