STATE OF LOUISIANA

VERSUS

HOWARD BURL, JR.

NO. 18-KA-698

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 15,325, DIVISION "B"
HONORABLE E. JEFFREY PERILLOUX, JUDGE PRESIDING

October 02, 2019

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and John J. Molaison, Jr.

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED AS AMENDED;**
**REMANDED FOR CORRECTION OF THE UNIFORM**
**COMMITMENT ORDER**
    **JJM**
    **FHW**
    **MEJ**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Bridget A. Dinvaut
     Briana C. Robertson

COUNSEL FOR DEFENDANT/APPELLANT,
HOWARD BURL, JR.
     Jane L. Beebe

DEFENDANT/APPELLANT,
HOWARD BURL, JR.
     In Proper Person

**MOLAISON, J.**

In this criminal appeal, defendant challenges the consecutive nature of his sentences imposed following convictions for five separate offenses. For the reasons that follow, we affirm defendant's convictions, and affirm his sentences as amended. We further remand the matter for correction of the Uniform Commitment Order.

## FACTS AND PROCEDURAL HISTORY

The record shows that on July 23, 2015, defendant, Howard Burl, Jr., was under surveillance by Sergeant Michael Gil of the St. John Parish Sheriff's Office Special Operations Division. Sergeant Gil obtained information from a trusted confidential informant that defendant was in possession of a firearm and illegal narcotics at his residence in Edgard, Louisiana, and also carried a gun with him while he sold drugs in the surrounding areas. Sergeant Gil was aware of the type of vehicle that defendant drove, and also knew that defendant did not have a driver's license. When Sergeant Gil located defendant in Mt. Airy, he contacted detectives in the St. John Parish Sheriff's Office Narcotics Bureau to assist him in surveilling defendant. After defendant was observed committing several traffic violations, Detective Joshua Gilboy attempted to stop defendant's vehicle with the assistance of Lieutenant Tanner Mangano.[1] Defendant attempted to evade the traffic stop, and was observed throwing two plastic bags out of his car window as he fled.[2] Sergeant Gil noted the location of the bags as they landed, and subsequently retrieved them.[3]

---

[1] At the time of trial, Mr. Mangano was Commander of the Special Operations Division for the St. John Parish Sheriff's Office; however, he was a lieutenant at the time of defendant's arrest.

[2] In addition to Sergeant Gil, Lieutenant Mangano testified that he saw defendant toss the bags out of his window while police were trying to stop defendant's vehicle.

[3] Deputy James Brouwer of the St. John Sheriff's Office Crime Scene Division provided the chain of custody at trial for the bags thrown from defendant's vehicle, which consisted of one clear plastic bag containing thirteen individually wrapped bags of powder cocaine, a second clear plastic bag containing approximately four grams of crack cocaine, and a third bag containing 5.4 grams of marijuana.

Sergeant Gil testified that after relocating to the Narcotics office, he conducted a field test of the crack cocaine, the powder cocaine and the marijuana, "which all tested positive for their respective drugs." Subsequent lab testing verified these results.

18-KA-698                                    1

After detectives managed to stop defendant's car and read defendant his *Miranda*[4] rights, he denied being in possession of narcotics, but admitted that he had a firearm[5] in the vehicle underneath his seat. A subsequent search of defendant's residence led to the recovery of two stolen rifles: a Harrington and Richardson 1871 45-70 rifle and a Remington 1100 shotgun.

Defendant was charged in a bill of information by the District Attorney for St. John Parish on September 11, 2015, with one count of obstruction of justice, a violation of statute La. R.S. 14:130.1, one count of possession with intent to distribute crack cocaine, a violation of statute La. R.S. 40:967(A)(1), one count of possession with intent to distribute powder cocaine, in violation of statute La. R.S. 40:967(A)(1), one count of illegal use of weapons, in violation of statute La. R.S. 14:95.E, four counts of felon in possession of a firearm,[6] in violation of statute La. R.S. 14:95.1, and one count of illegal possession of a stolen firearm, in violation of statute La. R.S. 14:69.1(A). Defendant pled not guilty to all charges at his arraignment on September 21, 2015. On September 18, 2017, following a colloquy with the trial court, defendant waived his right to a jury trial, instead electing to be tried before a judge. On December 18, 2017, the State amended the bill of information. At that time defendant was re-arraigned and he pled not guilty to all counts. On December 19, 2017, defendant proceeded to a bench trial, at the conclusion of which he was found guilty of attempted obstruction of justice on count 1, guilty of possession of crack cocaine on count 2, guilty of possession of cocaine with intent to distribute on count 3, guilty of possessing a weapon while in possession of a controlled dangerous substance on count 4,[7] and guilty of being a felon in possession of a firearm, as alleged in count 5 of the amended bill.

---

[4] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

[5] Deputy James Brouwer also provided the chain of custody at trial for the Smith and Wesson revolver found in defendant's vehicle.

[6] We note that the original bill of information erroneously charged two counts for possession of a single gun. However, this issue became moot when the bill was amended.

[7] The count alleges a violation of La. R.S. 14:95(E).

The State filed a multiple offender bill of information on February 20, 2018, and defendant was ultimately adjudicated to be a third felony offender.[8] On May 2, 2018, defendant was sentenced to 10 years at hard labor for count one, without the benefits of probation, parole, or suspension of sentence. For his possession of crack cocaine conviction, defendant received a five-year sentence without the benefits of probation, parole, or suspension of sentence. Defendant received a 25-year sentence, without benefits, for his possession with intent to distribute conviction, and a 10-year sentence, without benefits, for his possessing a weapon while in possession of a controlled dangerous substance conviction. The sentences for these four counts were ordered to run concurrently. For his felon in possession of a firearm conviction, defendant received a consecutive 25-year sentence without the benefits of probation, parole, or suspension of sentence. In addition, defendant received a 90-day consecutive sentence for three instances of direct contempt of court. Defendant did not object to his sentences at the time of sentencing, nor did he file a motion for reconsideration of sentence. On September 6, 2018, defendant was granted an out of time appeal.

## LAW AND ARGUMENT

Defendant's sole assignment of error on appeal is that the trial court erred in imposing an excessive sentence by making the sentence for count five consecutive to the sentences for counts one through four.

---

[8] The record shows, as stated in its March 19, 2018 reasons for judgment, the trial court initially found defendant to be a second-felony offender on the basis that "the State failed to carry its burden that the Defendant was further convicted on February 12, 1998, for the offense of La. R.S. 14:34.2, Battery of a Correctional Officer, under Docket #18,238 2nd JDC Parish of Claiborne, due to insufficient documentation." Following the March 19, 2018 hearing, the State petitioned the Court for the opportunity to supplement the record with certified records of the battery charge. Defendant lodged no objection to the State's request. A contradictory hearing on the State's motion was held on April 16, 2018, at which time the certified record of the battery conviction was presented to the trial court. On that same date, the trial court rendered an amended order which stated that defendant would be considered a third-felony offender for counts one through four only, and a second-felony offender for count five.

As noted above, defendant did not object to the sentence on May 2, 2018, or file a subsequent motion for reconsideration of sentence. La. C.Cr.P. art. 881.1(E) provides:

> E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Accordingly, defendant is now precluded from arguing on appeal that he received an excessive sentence. And, as this Court held in *State v. Austin*, 12-629 (La. App. 5 Cir. 3/13/13), 113 So.3d 306, 314, *writ denied*, 13-0673 (La. 10/25/13), 124 So.3d 1092, defendant is also precluded from arguing that the consecutive nature of his sentences render them excessive.

> This Court has held that the failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a bare review of the sentence for constitutional excessiveness. *State v. Hunter*, 10-552, pp. 4-5 (La. App. 5 Cir. 1/11/11), 59 So.3d 1270, 1272; LSA–C.Cr.P. art. 881.1(E). This Court has also held that when the consecutive nature of sentences is not specifically raised in the trial court, then the issue is not included in the review for constitutional excessiveness, and the defendant is precluded from raising the issue on appeal. *State v. Escobar–Rivera*, 11–496, p. 13 (La. App. 5 Cir. 1/24/12), 90 So.3d 1, 8, *writ denied*, 12–0409 (La.5/25/12), 90 So.3d 411.

Accordingly, while defendant's assignment of error regarding the consecutive nature of his sentences will not be considered in this appeal, this Court will still review the sentences imposed to ensure they are not unconstitutionally excessive.

The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. *State v. Smith*, 01-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. *Id.* A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the

harm done to society, it shocks the sense of justice. *State v. Lawson*, 04-334 (La. App. 5 Cir. 9/28/04), 885 So.2d 618, 622.

A trial judge has broad discretion when imposing a sentence, and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. *State v. Dorsey*, 07-67 (La. App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. *Id*. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. *State v. Pearson,* 07-332 (La. App. 5 Cir. 12/27/07), 975 So.2d 646, 656. In reviewing a trial court's exercise of sentencing discretion, three factors are considered: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. *Id*. at 656.

We first note that all of defendant's sentences as a third-felony offender for counts 1 through 4, and a second-felony offender for count 5, are within the statutory limits and commensurate with sentences imposed in similar cases. Next, the record reflects that the trial judge who presided over defendant's trial was the same judge who presided over defendant's adjudication and sentencing as a multiple offender. The record demonstrates that the trial judge was aware of defendant's prior convictions for manslaughter, simple rape, and battery on an officer, and had further ordered a pre-sentence investigation (PSI) for defendant prior to sentencing. At defendant's sentencing on May 2, 2018, the trial court opined:

> The Court has carefully studied the presentence report, the record of prior offenses, factors in mitigation presented by the defendant, that include his denial that the sentencing report is correct concerning prior misdemeanor convictions. The Court has considered these matters, as well as the nature of the present offense, in light of the provisions of Article 894.1, and the Court makes the following findings regarding sentencing.

First of all, I note, specifically, that, Mr. Burl has already been determined by this Court to be a multiple offender, with two prior relevant felony convictions. The current -- the first conviction was for manslaughter. The Court notes that at that time the defendant also pled guilty to simple, felony simple rape. The second felony conviction was in Claiborne Parish, battery of a correctional officer. However, for multiple offender sentencing purposes, Mr. Burl is classified as a third offender for all but the felony possession of a firearm conviction, for which he is considered a second felony offender.

This Court recognizes the defendant's long history of criminal behavior, as well as the serious nature of the various offenses contained within his most recent convictions. Mr. Burl has consistently engaged in a pattern of criminal conduct, which makes him a threat to society, and I find that he is, indeed, a menace to this community.

Considering the record before us along with the applicable jurisprudence, we find that defendant's sentences are not unconstitutionally excessive. Accordingly, the trial court did not abuse its discretion in imposing defendant's sentences.

Defendant filed a pro se brief in which he argues that his trial counsel was ineffective. Generally, a claim of ineffective assistance of counsel is best addressed through an application for post-conviction relief filed in the district court where a full evidentiary hearing can be conducted. *State v. Lewis*, 09-783 (La. App. 5 Cir. 5/28/10), 43 So.3d 973, 988. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by an assignment of error on appeal, it may be addressed in the interest of judicial economy. *State v. Taylor*, 04-346 (La. App. 5 Cir. 10/26/04), 887 So.2d 589, 595. Upon review, we find that the appellate record is insufficient to address defendant's claims of ineffective assistance of counsel. Therefore, we find it best that defendant's claims be considered in their entirety by the trial court on post-conviction relief.

Finally, the record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990). The following errors are noted.

Generally, the trial court relied upon the most recent version of the multiple offender statute to sentence defendant; the court erred, however. It should have applied the multiple offender statute in effect at the time of the underlying offense in July of 2015. *State v. Parker*, 03-0924 (La. 4/14/04), 871 So.2d 317, 326. Because the trial court applied the most recent version of the multiple offender statute rather than the multiple offender statute in effect at the time of the offenses, it incorrectly advised defendant of the minimum penalties for the sentences on count one through five. The trial court advised defendant that the minimum penalties effectual for a third-felony offender on counts one, two, three, and four were five years, two and a half years, fifteen years, and five years, respectively. Based upon the 2015 multiple offender statute, the minimum penalties effective for a third-felony offender on counts one, two, three, and four were six years and eight months, three years and four months, life, and six years and eight months, respectively. As to count five, the trial court advised defendant that the minimum penalty as a second-felony offender was six years and eight months; however, based on the 2015 multiple offender statute, the minimum penalty was ten years. Nevertheless, defendant's actual sentences were within the penalty ranges set forth in the statutes, except for count three, which was discussed above.

First, we note that defendant's enhanced sentence on count three is illegally lenient. Defendant's underlying offense is a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more. His predicate convictions of manslaughter, simple rape, and battery of a correctional officer are crimes of violence under La. R.S. 14:2(B)(4), (11), and (41), respectively. Therefore, the trial court should have sentenced defendant to life

imprisonment on count three instead of to a twenty-five-year sentence. La. C.Cr.P. art. 882(A) provides that "[a]n illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." However, this Court has found that the language of Article 882 is permissive rather than mandatory. *State v. Brown*, 03-581 (La. App. 5 Cir. 11/12/03), 861 So.2d 644, 657, *writs denied*, 03-3407 (La. 4/2/04), 869 So.2d 875 and 04-0049 (La. 4/2/04), 869 So.2d 877. Accordingly, we decline to exercise our supervisory jurisdiction and affirm the sentence for count three as imposed.

Second, the trial court erroneously ordered the entire sentences on counts one through three to be served without benefit of parole, probation, or suspension of sentence. The multiple offender statute, La. R.S. 15:529.1(G), provides that any sentence imposed under its provisions "shall be at hard labor without benefit of probation or suspension of sentence." Thus, the multiple offender statute does not impose a parole restriction. Nevertheless, the restrictions on parole eligibility imposed on habitual offender sentences under La. R.S. 15:529.1 "are those called for in the reference statute." *State v. Esteen*, 01-879 (La. App. 5 Cir. 5/15/02), 821 So.2d 60, 79 n.24, *writ denied*, 02-1540 (La. 12/13/02), 831 So.2d 983. Therefore, we delete the restriction on parole in the sentences as to counts one and two. We note that only the first two years of the sentence for count three should be served without benefit of parole, probation, or suspension of sentence.

We remand this matter for the correction of the uniform commitment order (UCO) to correctly reflect the restrictions of benefits as set forth above and to order the trial court to transmit the original of the corrected UCO to the appropriate authorities in accordance with La. C.Cr.P. art. 892(B)(2) and the Department of Corrections' legal department. *See, State v. Long*, 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142; *State ex rel. Roland v. State*, 06-244 (La. 9/15/06), 937 So.2d 846 (*per curiam*).

## DECREE

Accordingly, for the foregoing reasons, defendant's convictions are affirmed, and his sentences are affirmed as amended. The matter is remanded for correction of the UCO.

**CONVICTIONS AFFIRMED; SENTENCES AFFIRMED AS AMENDED; REMANDED FOR CORRECTION OF THE UNIFORM COMMITMENT ORDER**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

MARY E. LEGNON
INTERIM CLERK OF COURT

CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 2, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_____
MARY E. LEGNON
INTERIM CLERK OF COURT

# 18-KA-698

## E-NOTIFIED
40TH DISTRICT COURT (CLERK)
HON. E. JEFFREY PERILLOUX (DISTRICT JUDGE)
HONORABLE BRIDGET A. DINVAUT          BRIANA C. ROBERTSON (APPELLEE)
(APPELLEE)

## MAILED
JANE L. BEEBE (APPELLANT)              HOWARD BURL, JR. #122214 (APPELLANT)
ATTORNEY AT LAW                        RAYMOND LABORDE CORRECTIONAL
LOUISIANA APPELLATE PROJECT            CENTER
POST OFFICE BOX 6351                   1630 PRISON ROAD
NEW ORLEANS, LA 70174-6351            COTTONPORT, LA 71327