STATE OF LOUISIANA

VERSUS

STANLEY DORSEY

NO. 25-KH-378

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

September 17, 2025

Linda Tran
First Deputy Clerk

**IN RE** STANLEY DORSEY

**APPLYING FOR**  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD A. ROWAN, JR., DIVISION "L", NUMBER 04-7986

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and John J. Molaison, Jr.

**WRIT DENIED**

Relator, Stanley Dorsey, seeks review of the district court's June 23, 2025 ruling denying his motion to declare unconstitutional as written and applied La. Const., Art. I, §17(A) and La. C.Cr.P. art. 782(A). For the following reasons, we deny the writ application.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On April 26, 2005, Mr. Dorsey was found guilty by a non-unanimous jury of distribution of cocaine. The district court sentenced him on May 18, 2005, to twenty years imprisonment at hard labor, with the first two years to be served without the benefit of parole, probation, or suspension of sentence. Subsequently, the State filed a multiple bill of information, alleging Mr. Dorsey to be a fourth-felony offender. On August 21, 2006, Mr. Dorsey was adjudicated a fourth-felony offender. Consequently, the district court vacated his original sentence, and imposed an enhanced sentence of thirty-five years imprisonment at hard labor

without the benefit of probation or suspension of sentence. Mr. Dorsey's conviction and sentence were affirmed by this Court on May 29, 2007. *State v. Dorsey*, 07-67 (La. App. 5 Cir. 5/29/07), 960 So.2d 1127. This Court ordered the district court to amend the commitment to show the habitual offender sentence was to be served without the benefit of parole for the first two years and without probation or suspension of sentence for the entire term. *Id.* at 1132. Mr. Dorsey did not file a writ application with the Louisiana Supreme Court.

On June 16, 2025, Mr. Dorsey filed a "Motion to Declare Unconstitutional as Written and Applied Louisiana Constitution Article I, Section 17(A) and Louisiana Code of Criminal Procedure Article 782(A)" with the district court. The district court denied relief on June 23, 2025, finding that Mr. Dorsey's motion contesting the non-unanimous jury verdict in his case was "in fact an application for post-conviction relief." In doing so, the district court found that Mr. Dorsey's claim was untimely under La. C.Cr.P. art. 930.8(A), and successive, citing La. C.Cr.P. art. 930.4, barring repetitive applications.

Mr. Dorsey filed the instant writ application requesting review on August 20, 2025.[1] In his application, Mr. Dorsey complains that the district court erroneously treated his constitutional challenge to La. Const., Art. I, § 17 and La. C.Cr.P. art. 782, which, at the time of his conviction and sentencing in 2005, allowed for a non-unanimous jury verdict,[2] as a post-conviction claim rather than a civil claim.

---

[1]    On August 25, 2025, the Clerk of Court for this Court mailed a letter to the Louisiana Attorney General's Office stating that "[t]he constitutionality of Louisiana Constitution Article I, Section 17(A) and La. C.Cr.P. art. 782(A)" was raised in Mr. Dorsey's writ application, giving the AG's office an opportunity to brief this issue by September 4, 2025. To date, the AG's office has not done so. To the extent Mr. Dorsey requests that this Court order a response from the Attorney General, there appears to be no statutory requirement for a response to be filed.

[2]    La. C.Cr.P. art. 782 concerns the number of jurors comprising a jury and the number of jurors needed to concur for a verdict. Non-unanimous jury verdicts were previously allowed under both La. Const., Art. I, § 17 and La. C.Cr.P. art. 782, and in Mr. Dorsey's case where the charged offense occurred in 2004 and his trial occurred in 2005. Both La. Const., Art. I, § 17 and La. C.Cr.P. art. 782(A) currently provide, in pertinent part, that a case for an offense committed prior to January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict, and that a case for an offense committed on or after January 1,

2

**DISCUSSION**

The Louisiana Supreme Court has recognized that courts should "look through the caption of the pleadings in order to ascertain their substance and to do substantial justice." *See State v. Moses*, 05-787 (La. App. 5 Cir. 5/9/06), 932 So.2d 701, 706, n.3, *writ denied*, 06-2171 (La. 4/5/07), 954 So.2d 140. Despite Mr. Dorsey's characterization of his motion as a civil action based on the alleged unconstitutionality of Louisiana's non-unanimous jury statutes at the time of his 2005 trial, for all practical and procedural purposes, Mr. Dorsey is, in essence, challenging the validity of his conviction. Thus, we find the district court correctly found Mr. Dorsey's claim to be in the nature of post-conviction relief as set forth in La. C.Cr.P. art. 924, which explains that an APCR "means a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside." Consequently, we further find that Mr. Dorsey's filing of his application for post-conviction relief is untimely pursuant to La. C.Cr.P. art. 930.8, which provides that an APCR must be filed within two years of the judgment of conviction and sentence becoming final.

Moreover, to the extent that Mr. Dorsey's claim rests on an October 11, 2018 Eleventh Judicial District Court ruling by Judge Stephen Beasley in *State v. Melvin Cartez Maxie*, No. 13-CR-72522 (La. 11th Jud. Dist., Oct. 11, 2018), declaring La. Const., Art. I, § 17 and La. C.Cr.P. art. 782 (which at that time allowed convictions based on non-unanimous jury verdicts) unconstitutional, this decision does not qualify as an exception to the time limitations under La. C.Cr.P. art. 930.8(A)(3). Specifically, *Maxie* is not "a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case,

---

2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.

3

and the petition is filed within one year of the finality of such ruling." *See* La. C.Cr.P. art. 930.8(A)(3). Furthermore, the Louisiana Supreme Court found that the declaration of unconstitutionality in *Maxie* was erroneous. *See State v. Hodge*, 19-568 (La. 11/19/19), 286 So.3d 1023, 1028. Additionally, in *State v. Reddick*, 21-1893 (La. 10/21/22), 351 So.3d 273, 283, the Louisiana Supreme Court held that "the new rule of criminal procedure announced in *Ramos* [*v. Louisiana*, 590 U.S. 83, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020)] that requires unanimity in jury verdicts is not retroactive on state collateral review in Louisiana."

For the foregoing reasons, Mr. Dorsey's writ application is denied.


Gretna, Louisiana, this 17th day of September, 2025.

**SMC**
**SJW**
**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/17/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-KH-378**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Donald A. Rowan, Jr. (DISTRICT JUDGE)
Grant L. Willis (Respondent)                    Thomas J. Butler (Respondent)

### MAILED
Stanley Dorsey #420512 (Relator)
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426