WALTER J. ROTHSCHILD, Judge.
 

 |2The Jefferson Parish District Attorney charged defendant, Darnell Hunter, with obscenity, a violation of LSA-R.S. 14:106. Defendant pled not guilty at arraignment. Defendant was tried by a six-person jury on May 5, 2010, and the jury returned a verdict of guilty as charged. On May 13, 2010, the trial court sentenced defendant to three years at hard labor, to run consecutively to the term he was currently serving in juvenile detention. Defendant appeals.
 

 FACTS
 

 Fonia Charles testified she is employed by the Bridge City Center for Youth, a facility that houses youths who commit serious crimes. She is assigned to supervise one of ten dormitories there. Ms. Charles testified that the youths at the facility must follow a schedule. On weekdays, they must be in bed by 9:00 p.m. On weekends, their bedtime is at 10:00 p.m. They are required to stay in bed until 1¾5:00 a.m. The dormitory is equipped with emergency lighting that remains on at all times.
 

 On February 21, 2010, defendant was one of ten detainees under her supervision. At about 1:30 a.m., Ms. Charles noticed defendant was staring at her. She saw that his hand was moving up and down under his covers. Ms. Charles approached defendant’s bed and asked him why he was staring at her. Defendant pulled back his covers and revealed his erect penis. Ms. Charles could see that defendant was masturbating. As he did that, he licked his lips and stared at her. Ms. Charles testified that defendant’s behavior caused her to feel threatened, uncomfortable, and disrespected. She was not allowed to leave her post unless there was another employee there to take her place. She stepped into the nearby staff bathroom to avoid seeing defendant.
 

 Some minutes later, defendant asked Ms. Charles for permission to go to the bathroom, which she granted. When he exited the bathroom, he returned to his bed and continued to masturbate. Defendant commented to Ms. Charles that he liked to watch her while he masturbated, and that he could not see her while he was in the bathroom. Ms. Charles testified that she saw defendant ejaculate and wipe himself off with a tissue. Defendant then went to sleep. Ms. Charles identified her. encounter with defendant on security footage that was shown to the jury at trial.
 

 Ms. Charles testified that she wrote a report following this incident. A member
 
 *1272
 
 of the facility’s staff notified the Jefferson Parish Sheriffs Office, and Ms. Charles gave a statement to the responding officer. She stated that masturbation is not acceptable behavior in the detention facility. Prior to this incident, she had reported defendant to her supervisors for masturbating in the dormitory on other occasions, but she did not notify police of the other incidents.
 

 LAW AND DISCUSSION
 

 Defendant does not challenge his conviction, but assigns two errors regarding his sentence. In his first assignment of error, defendant contends his three-year consecutive sentence for obscenity is excessive.
 
 [1]
 
 He maintains that pre-trial discussions between the trial judge and the attorneys show that the sentence was not based on the facts of the case. Instead, defendant argues, the record shows the judge was predisposed to impose the maximum term of imprisonment allowed by law even before he heard the evidence. Defendant further complains the trial court gave no reasons to support the imposition of the maximum sentence. He asserts the court failed to comply with the sentencing criteria in LSA-C.Cr.P. art. 894.1. Defendant recognizes his trial counsel did not make a timely objection to the sentence imposed, nor did he file a motion to reconsider sentence in accordance with LSA-C.Cr.P. art. 881.1. He contends, however, that the arguments counsel made prior to trial with respect to sentencing were sufficient to satisfy the requirements of Article 881.1.
 

 The State responds that in neglecting to make an objection or file a motion to reconsider sentence after the sentence was imposed, defendant failed to comply with the provisions of LSA-C.Cr.P. art. 881.1, and he is thus limited on appeal to a review for constitutional excessiveness. The State further argues that defendant’s sentence is not constitutionally excessive, and that it is supported by the record.
 

 The record shows defendant did not make a timely oral or written motion to reconsider sentence pursuant to Article 881.1. The failure to make or file a motion to reconsider sentence or to state the specific grounds on which the motion is based, limits a defendant to a review of the sentence for constitutional | ¿excessiveness only.
 
 State v. Fuller,
 
 07-319, pp. 8-9 (La.App. 5 Cir. 2/19/08), 980 So.2d 45, 50,
 
 writ denied,
 
 08-0705 (La.10/10/08), 993 So.2d 1282.
 

 Defendant claims that the arguments counsel made prior to trial with respect to sentencing were sufficient to satisfy the requirements of LSA-C.Cr.P. art. 881.1. As defendant points out, there was a bench conference prior to trial during which the judge and the attorneys discussed the sentence defendant might receive if the jury found him guilty. The judge assured defense counsel, Mr. Doyle, that he would not penalize defendant for electing to go to trial rather than plead guilty. The judge commented, “It makes me very nervous that he’s got his history — you know, this charge on top of his history makes me very, very uncomfortable.” Defense counsel explained that the aggravated rape for which defendant was currently serving time in the juvenile facility involved an incident with defendant’s girlfriend. Defense counsel maintained that defendant was not a predator, and he stated that defendant came from a stable family who
 
 *1273
 
 would welcome him back when he was released from his current juvenile detention. Counsel expressed his concern that if defendant were remanded to the Department of Corrections, he would come out “a lot worse.”
 

 The prosecutor noted that the guard who was the victim in this case had reported that defendant bragged about the behavior that led to the instant charge. The judge stated, “Well, first of all, if he wants to do that kind of thing, that’s fine. But he needs to do it when he’s alone.” Defense counsel acknowledged that defendant should be punished for his behavior, but asked, “how much is how much?” Counsel noted that defendant would still be confined to the juvenile facility for another one and one-half to two years. When the possibility of a probated sentence was raised, the judge responded, “But that doesn’t punish him at all.” The judge asked the prosecutor if he had a response to defense counsel’s | (¡request for probation, and the prosecutor stated that he was not permitted to offer an opinion regarding sentencing. Finally, the judge commented he did not feel that three years— the maximum sentence allowed — was enough. The judge stated, “This kid scares me.”
 

 The sentencing arguments defense counsel made prior to trial do not satisfy the requirements of LSA-C.Cr.P. art. 881.1 A(l), which provides, “In felony cases, within thirty days
 
 following
 
 the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.” [emphasis supplied]. An objection to a sentence or a motion to reconsider sentence filed before the sentence is imposed is premature. Defendant is therefore limited to a review of his sentence for constitutional excessiveness.
 

 The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.
 
 State v. Nguyen,
 
 06-969, pp. 5-6 (La.App. 5 Cir. 4/24/07), 958 So.2d 61, 64,
 
 writ denied,
 
 07-1161 (La.12/7/07), 969 So.2d 628. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice.
 
 State v. Lawson,
 
 04-334, p. 6 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622. In general, maximum sentences are reserved for cases involving the most serious violations of an offense charged and the worst type of offender.
 
 State v. Stacker,
 
 02-768, p. 8 (La.App. 5 Cir. 12/30/02), 836 So.2d 601, 607,
 
 writ denied,
 
 03-0411 (La.10/10/03), 855 So.2d 327.
 

 A trial judge has broad discretion in imposing sentence, and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue |7on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate.
 
 State v. Dorsey,
 
 07-67, p. 5 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed.
 
 State v. Pearson,
 
 07-332, p. 15 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656.
 

 Defendant also objects to the consecutive nature of his sentence. This Court has recognized that the excessiveness of a consecutive sentence is not included in a bare constitutional review.
 
 State v. Dixon,
 
 04-1019, p. 15 (La.App. 5 Cir. 3/15/05), 900 So.2d 929, 938;
 
 State v. Watson,
 
 02-1154, p. 22 (La.App. 5 Cir. 3/25/03), 844 So.2d 198, 212,
 
 writ denied,
 
 03-1276 (La.5/14/04),
 
 *1274
 
 872 So.2d 506. However, this Court has performed a bare constitutional review of claims that consecutive sentences are excessive where the defendant has also argued the sentences were individually excessive. See
 
 State v. Badeaux,
 
 01-406, pp. 10-11 (La.App. 5 Cir. 9/25/01), 798 So.2d 234, 240-41,
 
 writ denied,
 
 01-2965 (La.10/14/02), 827 So.2d 414;
 
 State v. Hester,
 
 99-426, pp. 10-11 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, 103-04,
 
 writ denied,
 
 99-3217 (La.4/20/00), 760 So.2d 342.
 

 At the time of sentencing, the trial judge stated:
 

 At this time, sir, based on your criminal history as a juvenile, which the Court is aware, and the instant charge, considering the facts of the case, and considering your criminal history, the Court hereby sentences you to three years in the Department of Corrections. That sentenced [sic] will run consecutive [sic] sentence that you’re currently serving.
 

 Although the trial judge referred during the sentencing hearing to defendant’s criminal history as a juvenile, the record fails to contain any evidence regarding the nature or extent of defendant’s criminal history. During the pre-trial bench conference, trial counsel for defendant indicated the reason that defendant |swas being held in the juvenile facility, but during oral argument in this Court, appellate counsel stated that she has been unable to ascertain defendant’s criminal history and counsel for the State agreed with this assertion. Absent evidence in the record regarding defendant’s criminal history, we are unable to verify trial counsel’s statements to the judge regarding the nature of defendant’s criminal record. Under these circumstances, we are unable to complete a review of defendant’s sentence for constitutional excessiveness. We must therefore vacate the sentence imposed and remand the case to the trial court for resentencing once the record is complete with defendant’s criminal history.
 

 Based on our ruling herein vacating the sentence and remanding the matter for resentencing, we do not reach defendant’s argument that his trial counsel was ineffective for failing to object to the sentence. We also note that the minute entry from the date of sentencing indicates that defendant pled guilty to the charges against him, while the record shows that he was convicted after trial on the merits. This error can also be corrected upon resen-tencing.
 

 DECREE
 

 For the foregoing reasons, defendant’s conviction is affirmed. However, the sentence is vacated and the matter is remanded to the trial court for resentencing consistent with this opinion.
 

 CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING
 

 [1]
 

 . LSA-R.S. 14:106 G(l) provides, "On a first conviction, whoever commits the crime of obscenity shall be fined not less than one thousand dollars nor more than two thousand five hundred dollars, or imprisoned, with or without hard labor, for not less than six months nor more than three years, or both.”