MARC E. JOHNSON, Judge.
| ?This is defendant, Darnell Hunter’s, second appeal from his conviction and sentence for obscenity. In his first appeal, defendant challenged his three-year sentence as excessive. We affirmed his conviction but found that we could not review his sentence for constitutional excessiveness because the record did not contain any evidence regarding defendant’s criminal history to which the trial court referenced during sentencing but did not indicate the nature or extent of said history. As such, we vacated defendant’s sentence and remanded the matter for resentencing once the record was complete with defendant’s criminal history. State v. Hunter, 10-552 (La.App. 5 Cir. 1/11/11), 59 So.3d 1270.
On remand, the trial court again imposed a three-year sentence and ordered it to run consecutively to his term in juvenile detention. During a bench conference at the sentencing hearing, the trial court gave *799 defense counsel and the prosecutor a packet presumably evidencing defendant’s pri- or juvenile adjudication. The trial judge explained that it was this specific juvenile adjudication he |3considered in imposing defendant’s sentence the first time.[1] The bench conference concluded and defendant requested and was granted permission to address the court. Defendant stated he did not mean anyone any harm and that he was not a monster. The trial judge then sentenced defendant to three years in the Department of Corrections and ordered he receive any and all self-help programs available to him. The trial judge explained he imposed sentence based on his consideration of the nature of the charge in connection with defendant’s juvenile history, which he disclosed during the bench conference.
Defendant subsequently filed a motion to reconsider sentence, claiming the sentence was excessive, which was denied by the trial court. This timely appeal follows.
In defendant’s first appeal, we summarized the facts of this case as follows:
Fonia Charles testified she is employed by the Bridge City Center for Youth, a facility that houses youths who commit serious crimes. She is assigned to supervise one of ten dormitories there. Ms. Charles testified that the youths at the facility must follow a schedule. On weekdays, they must be in bed by 9:00 p.m. On weekends, their bedtime is at 10:00 p.m. They are required to stay in bed until 5:00 a.m. The dormitory is' equipped with emergency lighting that remains on at all times.
On February 21, 2010, defendant was one of ten detainees under her supervision. At about 1:30 a.m., Ms. Charles noticed defendant was staring at her. She saw that his hand was moving up and down under his covers. Ms. Charles approached defendant’s bed and asked him why he was staring at her. Defendant pulled back his covers and revealed his erect penis. Ms. Charles could see that defendant was masturbating. As he did that, he licked his lips and stared at her. Ms. Charles testified that defendant’s behavior caused her to feel threatened, uncomfortable, and disrespected. She was not allowed to leave her post unless there was another employee there to take her place. She stepped into the nearby staff bathroom to avoid seeing defendant.
14Some minutes later, defendant asked Ms. Charles for permission to go to the bathroom, which she granted. When he exited the bathroom, he returned to his bed and continued to masturbate. Defendant commented to Ms. Charles that he liked to watch her while he masturbated, and that he could not see her while he was in the bathroom. Ms. Charles testified that she saw defendant ejaculate and wipe himself off with a tissue. Defendant then went to sleep. Ms. Charles identified her encounter with defendant on security footage that was shown to the jury at trial.
State v. Hunter, 59 So.3d at 1271.
In his sole assignment of error, defendant argues his three-year sentence is excessive. He maintains he is not the worst *800 offender for which maximum sentences are reserved. He contends the trial judge put too much emphasis on his prior juvenile adjudication without knowing the circumstances surrounding the offense and without understanding the juvenile system. Defendant further argues the trial judge did not provide an adequate factual basis for the sentence as required by La.C.Cr.P. art. 894.1 and did not give reasons for imposing a consecutive sentence.
In defendant’s motion to reconsider sentence, he simply stated the reason for his motion was “excessive sentence.” La. C.Cr.P. art. 881.1 requires a motion for reconsideration of sentence to set forth specific grounds upon which the motion is based. The failure to state the specific grounds upon which a motion to reconsider sentence is based, precludes a defendant from raising issues relating to statutory errors or deficiencies such as compliance with La.C.Cr.P. art. 894.1 and limits a defendant to a review of the sentence for constitutional excessiveness only. State v. Stacker, 02-768 (La.App. 5 Cir. 12/30/02), 836 So.2d 601, 607, writ denied, 03-411 (La.10/10/03), 855 So.2d 327.
In this case, defendant did not raise failure to comply with Article 894.1 in his written motion to reconsider sentence or at the hearing on the motion to | .¡reconsider sentence. Therefore, defendant is precluded from raising this issue on appeal. Stacker, 836 So.2d at 607.
Additionally, this Court has held that when the consecutive nature of a sentence is not specifically raised in the trial court, the issue is not included in the bare constitutional excessiveness review and the defendant is precluded from raising the issue on appeal. State v. Jacobs, 07-887 (La.App. 5 Cir. 5/24/11), 67 So.3d 535, 593, writ denied, 11-1753 (La.2/10/12), 80 So.3d 468. In the instant case, defendant failed to specifically object to the consecutive nature of his sentence in his motion to reconsider sentence. Therefore, he is not entitled to a review of that issue on appeal. State v. Williams, 10-265 (La.App. 5 Cir. 11/9/10), 54 So.3d 98,103.
Accordingly, the only issue to be considered is whether defendant’s sentence is constitutionally excessive. As we stated in Hunter, 59 So.3d at 1273, both the United States Constitution and the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. In general, maximum sentences are reserved for cases involving the most serious violations of an offense charge and the worst type of offender. Id.
A trial judge has broad discretion in imposing sentence, and a reviewing court may not set a sentence aside absent abuse of that discretion. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. Hunter, 59 So.3d at 1273. Factors to be considered in reviewing a sentence for excessiveness include: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed 16for similar crimes by the same court and other courts. State v. Pearson, 07-332 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656.
Defendant was convicted of obscenity while serving a sentence at a juvenile detention center for a juvenile adjudication for a very serious offense. Defendant committed the present offense by intentionally masturbating and ejaculating in the presence of a female guard. While doing so, he gestured towards her with his *801 mouth, stared at her, and told her that he liked to watch her while he masturbated. The guard testified defendant’s actions caused her to feel threatened and uncomfortable to the extent that she had to step outside the presence of defendant.
This was not an isolated incident. The guard testified that she had reported defendant to her supervisor on previous occasions for masturbating; however, the police were not called for these prior incidents.
As this was defendant’s first obscenity conviction, defendant faced a sentencing range of six months to three years. La. R.S. 14:106(G)(1). He received the three-year maximum sentence. Again, our inquiry is not whether another sentence would have been more appropriate but whether the trial court abused its discretion.
Jurisprudentially, maximum sentences for similar obscenity convictions have been upheld. In State v. Hanson, 44,223 (La.App. 2 Cir. 5/13/09), 12 So.3d 1007, the court found three-year sentences for two obscenity convictions not to be excessive. In Hanson, the defendant was charged in two separate bills of information with obscenity after masturbating in public at a mall and a grocery store. He pled guilty to both offenses and received the maximum three-year sentence on each offense. Noting the facts and circumstances surrounding the offenses and defendant’s pri- or criminal history, which included two prior obscenity |7eonvictions, the appellate court found the trial court acted within its discretion in imposing the maximum sentence.
Likewise in the present case, considering the facts and circumstances surrounding the offense and defendant’s juvenile history, specifically the nature of his juvenile adjudication for which he was serving time at the time of the present offense, we do not find the trial court abused its discretion in imposing the maximum sentence. Defendant targeted the guard, stared at her, made vulgar gestures by licking his lips, and made comments directly to the guard during the incident, which made her feel threatened. Accordingly, we cannot say defendant’s three-year sentence for obscenity is constitutionally excessive.
We note that defendant received an errors patent review in accordance with La. C.Cr.P. art. 920 upon his first appeal. Minor errors were found, addressed in this Court’s opinion, and corrected upon remand. Defendant is not entitled to a, second errors patent review. See State v. Taylor, 01-452 (La.App. 5 Cir. 11/14/01), 802 So.2d 779, 783, writ denied, 01-3326 (La.1/10/03), 834 So.2d 426.
For these reasons, defendant’s sentence is hereby affirmed.

AFFIRMED

. While the trial court properly did not disclose the nature of the offense for which defendant was adjudicated a delinquent during open-court, it did specifically disclose the offense during the bench conference. See State v. Tucker, 354 So.2d 521, 525 (La.1978). While we take note of the specific offense for which defendant was adjudicated a delinquent and consider the nature of the offense important in analyzing the issue presented in this appeal, we are prevented from disclosing the nature of the offense in this opinion because of the rules surrounding the confidentiality of juvenile records. See La. Ch.C. art. 412.