STATE OF LOUISIANA

VERSUS

ANDRE A. BRADLEY

NO. 22-KA-381

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 21-534, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

March 01, 2023

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Stephen J. Windhorst

<u>**AFFIRMED**</u>
**MEJ**
**JGG**
**SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Monique D. Nolan
    Lynn Schiffman
    Rebecca Kehoe

COUNSEL FOR DEFENDANT/APPELLANT,
ANDRE A. BRADLEY
    Mary Constance Hanes

**JOHNSON, J.**

Defendant, Andre A. Bradley, appeals his 25-year sentences for his possession of pornography involving juveniles under the age of 13 convictions imposed in the 24th Judicial District Court, Division "N". For the following reasons, we affirm the convictions and sentences imposed by the trial court.

## FACTS AND PROCEDURAL HISTORY

On March 3, 2021, the Jefferson Parish District Attorney filed a bill of information charging Defendant with eight counts of pornography involving juveniles under the age of 13. In the bill, count two was listed as being in violation of "La. R.S. 4:81.1(E)(5)(A)" and the remaining counts were listed as being in violation of "La. R.S. 14:81.1(E)(5)(A)." Defendant was arraigned and pleaded not guilty to the charged offenses on March 9, 2021.

On December 3, 2021, the State amended the bill of information to *nolle prosequi* counts seven and eight. The State further amended the bill of information on December 6, 2021, correcting the statutory citation for the charged offense in count two from "La. R.S. 4:81.1 (E)(5)(A)" to "La. R.S. 14:81.l (E)(5)(A)." The State made those amendments by hand on the original bill of information.[1]

On December 6, 2021, prior to commencement of the jury trial, the trial court considered the outstanding pretrial motions of counsel. After the pretrial motions were disposed of, trial commenced that same day. At the one-day trial, two State witnesses testified regarding the charged offenses.

Special Agent Randall Charles Gohn Sr. testified that in July 2020, the National Center for Missing and Exploited Children (hereinafter referred to as "NCMEC")[2] received a tip that an e-mail address known as "Djkiller96" was being

---

[1] The amendments to the bill of information consisted of manually deleting counts seven and eight and correcting a typographical error in the statutory citation as to count two.

[2] The NCMEC is a tip line or a clearinghouse for child exploitation operated by civilians "where the general public can call up, as well as internet or electronic service providers can provide information regarding probable crimes."

utilized in connection with child pornography, which was discovered and located within a Dropbox account linked to that e-mail.[3] Defendant was later determined to be the owner of the e-mail address and the Dropbox account.

On November 4, 2020, the tip was referred to the Louisiana Bureau of Investigation Cybercrime Unit (hereinafter referred to as "the Bureau") for investigation. Agent Randall Gohn, Sr., an employee of the Bureau, became involved with the case on January 7, 2020, when he was contacted to assist in conducting the forensic examination of any possible devices located during the execution of a search warrant at the residence of 6826 Veterans Boulevard, Apartment 322, which was Defendant's residence. During the execution of the search warrant, Agent Gohn discovered several electronic devices, including thumb drives, external hard drives, and cellular phones, located in the bedroom of the residence. Agent Gohn testified that he performed a "triage" of the electronic devices, some of which revealed no child pornography content while others, approximately five devices, required further forensic examination. The five devices consisted of (1) an external hard drive; (2) a black dual thumb drive and voice recorder; (3) a red thumb drive; (4) a gray thumb drive; and (5) Defendant's cellular phone.

Agent Gohn conducted an initial forensic examination of the five electronic devices and discovered pornographic images and videos involving juveniles under the age of 13, including infants and toddlers. The three thumb drives contained individual folders with pornographic material. Additional child pornographic materials were discovered on the five electronic devices upon further forensic examination. Agent Gohn testified that the devices contained several images and videos of toddlers. Agent Gohn explained that, while in the midst of executing the

---

[3] Agent Gohn testified that he has been an expert in the field of child exploitation investigation as it relates to child pornography, child identification, and cellular and computer forensics. He also serves as a Senior Lead Instructor for the High Tech Crime Institute.

search warrant and after Defendant was advised of his *Miranda*[4] rights, Defendant provided the password to access the contents of his cellular phone. Images and videos of child pornography were discovered in the gallery of Defendant's cellular phone. Agent Gohn explained, "[I]n order for pictures and videos to get in the gallery, you have to actually download those items to the phone. They can't just be viewed on the phone on the web. They have to reside on the phone and be catalogued and organized in the gallery of the phone."

Agent Gohn testified that there are millions of images and videos of child pornography on the internet, and it is very difficult to find unless a person actually searches for that specific content. He conceded that Defendant has not been charged with producing or participating in the production of child pornography or the photographing of children. Agent Gohn further agreed that Defendant had not been accused of having knowledge of the person who recorded the productions.

Agent Gohn explained that he could neither determine who produced the images and videos, nor identify who the adult actors were in the images and videos. He further testified, "[Y]ou can't just go into Google and search child pornography. You have to be in chat groups on the dark web, if you will, and people have to get to know you. And they have to chat with you first before they just send you child pornography." He further stated that child pornography would not appear on a person's computer as a "pop-up" advertisement, and despite his many investigations of child pornography, it has never "pop[ped]-up" on his computer.

Supervisory Special Agent Brian Dale Brown, employed at the Louisiana Attorney General's Office in the Cyber Crime Unit, who investigates internet crimes against children, also testified. He recounted that the NCMEC became involved in the matter against Defendant after Dropbox submitted a cyber-tip.

---

[4] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Agent Brown explained that in November of 2020, he started investigating an account with the username "Djkiller96@gmail.com," which entailed reviewing digital content, primarily videos, submitted by the NCMEC. Agent Brown testified that he also reviewed images, the username, the time, and the Internet Protocol ("IP") address provided by Dropbox for the account associated with the Google e-mail.[5] He described the ages of the juveniles depicted and the general content of the images as "pre-pubescent children engaged and [sic] oral, anal or vaginal intercourse, or sexually exploited in a position to where the genitalia was exposed."

Agent Brown further testified that in order to identify a suspect or locate more evidence of a crime, he prepared a search warrant for Dropbox and Google and prepared a subpoena for AT&T. In response to the search warrant for Dropbox, Agent Brown received a link to access 350 to 400 gigabytes[6] of information, which included catalogued video and image folders of child sexual abuse. The content included the same images submitted to Agent Brown by the NCMEC from the cyber-tip. Google provided several messages associated with the Google e-mail. Agent Brown testified that he reviewed the e-mail messages and discovered Defendant's name and e-mail address associated with the Google account.

After discovering that Defendant was linked to the Google e-mail account, Agent Brown performed a search to ascertain the user's date of birth and other information, ran a criminal check to determine if Defendant had a criminal history, and then applied for a search warrant for Defendant's residence. On January 7,

---

[5] In the search warrant for Defendant's Dropbox account, Agent Brown attested to reviewing videos received from the NCMEC cyber-tip files of five prepubescent or under thirteen-year-old children. There were additional 55 files of other videos included in the cyber tip that showed prepubescent males and females under the age of 13 being orally, digitally, and anally raped.

[6] Agent Gohn testified that a gigabyte is a data measurement unit for digital computers or media storage equal to one billion bytes or one thousand megabytes.

2021, Agent Brown, along with Homeland Security, Jefferson Parish Sheriff's Office task force deputies, and other agents from his office, executed a search warrant at Defendant's residence. Upon execution of the search warrant, Defendant was the only person present at the residence.

Agent Brown described Defendant's residence as a clean, single bedroom apartment with no furniture, except in the bedroom, with only male clothing in the closet, and mail addressed to Defendant. Once he entered into Defendant's bedroom, Agent Brown discovered a laptop with a gray and a red thumb drive in it, along with charging cables for electronic devices. Agent Brown recalled that he also found a Western Digital external hard drive, three thumb drives, a silver Samsung cellular phone, a video camera, and a scan disc card, all of which were removed from the residence and brought to the forensic van for a forensic examination. Upon forensic examination of the videos and images on the five electronic devices – an external hard drive, three thumb drives (black, red, and gray), and a silver Samsung cellular phone—Agent Brown testified that the content of each electronic device contained imagery of sexual abuse of children under the age of 13.

At some point during the execution of the search warrant, Agent Brown recounted reading the *Miranda* Rights Form to Defendant, which Defendant signed and dated. Defendant then proceeded to give a recorded statement.

In his recorded statement, Defendant admitted that he is the owner of the email address "djkiller96@gmail.com" and that he had a Dropbox account linked to his Google e-mail account. Defendant conceded that he has viewed child pornography on the "dark web" while trying to locate adult pornography. Defendant denied viewing child pornography and denied possessing any child pornographic materials on any of the data storage devices seized from his residence. Defendant explained that he has talked to people, on various social

media websites, who have sent him links to pornography. In his statement, Defendant later admitted that he has been viewing pornographic materials for the past four to five years, and that he had several videos and images of child pornography on his storage devices.[7]

Agent Brown agreed that Defendant's charges are based on downloaded illegal content, and Defendant has not been accused of (1) taking or participating in the images; (2) having any knowledge of the persons in front or behind the camera; or (3) publishing the images. In preparation for trial and for ease of publication to the jury, Agent Brown created a PowerPoint with some of the evidence that was collected from the Google return, the Dropbox return, the gray thumb drive, the red thumb drive, the black thumb drive, the Samsung cell phone, and the Western Digital hard drive, all of which were seized from Defendant's apartment. Some of the videos and images discovered on Defendant's storage devices were published to the jury at trial.

At the conclusion of the presentation of evidence, the 12-person jury returned a unanimous verdict of guilty as charged for each of the six counts. Prior to sentencing, on January 25, 2022, Defendant filed a Motion for the Appointment of a Sanity Commission, which was granted by the trial court. On April 12, 2022, Defendant filed a Motion for New Trial and a Motion for Post-Verdict Judgment of Acquittal. The following day, on April 13, 2022, Defendant's competency hearing was held. At that hearing, the trial court determined that Defendant was competent. Immediately thereafter, the trial court denied Defendant's motions for new trial and for post-verdict judgment of acquittal. Defendant objected to those rulings.

---

[7] In his recorded statement, Defendant recounted being sexually abused at the age of seven by an older male relative.

After the motions were disposed of, the trial court proceeded with the sentencing hearing. The trial court sentenced Defendant on each of the six counts of pornography involving juveniles under the age of thirteen to 25 years at hard labor without the benefit of probation, parole, or suspension of sentence. The trial court further stated that Defendant would be given credit for all the time previously served on those charges, and those sentences were ordered to run concurrently with one another.

Later that same day, Defendant filed a Motion for Reconsideration of Sentence.[8] At the May 5, 2022 hearing, the trial court denied Defendant's reconsideration motion. Defendant objected to that ruling. On May 26, 2022, Defendant filed a Motion for Appeal, which was granted by the trial court on August 17, 2022. Defendant now appeals his sentences as unconstitutionally excessive.

## ASSIGNMENT OF ERROR

On appeal, Defendant alleges the trial court erred by imposing excessive 25-year sentences for his convictions for possession of pornography involving juveniles under the age of 13.

## LAW AND ANALYSIS

On appeal, Defendant avers that his sentences, although within the statutory limits, are excessive because the trial court failed to individualize the sentences imposed. Defendant also contends that the trial court failed to take into consideration that he can be rehabilitated with proper treatment such that his long prison term serves no purpose. Lastly, Defendant argues that the trial court failed to consider all mitigating factors, specifically, La. C.Cr.P. art. 894.1(B)(23), in that Defendant did not realize that his criminal conduct would cause serious harm and that no other crime, other than possession of child pornography, was shown in

---

[8] Defendant's motion was a generic reconsideration of sentence without specific arguments.

Defendant's case.

In response, the State contends that Defendant's sentences of 25 years were not excessive in light of the nature of the crime. The State argues that Defendant amassed a voluminous collection of pornography involving juveniles under the age of 13, including pornography involving toddlers and infants, in his Dropbox account and on five electronic devices. To support its contentions, the State relies on Special Agent Gohn's testimony at trial, explaining that the Dropbox account stored 400 gigabytes of files containing child pornography. The State further emphasizes that Defendant's download and use of child pornography re-victimizes children and encourages and facilitates a market for the abuse as pointed out by the trial court.

The State argues that while Defendant claims he did not intend to hurt anyone or do anything wrong, his possession of pornography of juveniles well under the age of 13 is reprehensible, and the nature of the crime warrants the sentences of 25 years at hard labor on each of the six counts. The State relies on *Baker*[9] and *Workman*[10] to substantiate Defendant's sentences imposed by the trial court. Lastly, the State emphasizes that there is no suggestion that the trial court abused its discretion in imposing sentences of 25 years for each of the six counts, with the sentences to run concurrently, and the record clearly supports the sentences imposed.

**April 13, 2022 Sentencing Hearing**

At the April 13, 2022 hearing, Christina Bradley, Defendant's mother, was the sole witness to testify. Ms. Bradley requested compassion and mercy for Defendant because an older boy, who was a family member, molested Defendant

---

[9] *State v*. Baker, 51,933 (La. App. 2 Cir. 4/11/18), 247 So.3d 990, *writs denied*, 18-858 (La. 12/3/18), 257 So.3d 195, and 18-833 (La. 12/3/18), 257 So.3d 196.
[10] *State v. Workman*, 14-559 (La. App. 5 Cir. 4/15/15), 170 So.3d 279, *writ denied*, 15-909 (La. 3/24/16), 190 So.3d 1189.

at the age of seven; and Defendant never received any treatment or healing from that trauma. She further apologized for not protecting Defendant from the trauma and for her inability to discuss the trauma with him. Ms. Bradley explained that Defendant was a victim and requested that the court give him "a chance," instead of taking his life with a long prison term. After being molested, Ms. Bradley recalled Defendant became a recluse who "booby-traps" his room, so no one comes in to do him anything. She described Defendant as a seven-year-old boy who was robbed of his childhood, and who was mentally and emotionally unstable because of the trauma that he endured. Ms. Bradley recounted the only reason Defendant lived independently for six months was because she told him to do so. After disclosing that she too was a victim of molestation, Ms. Bradley begged the court for reduced sentences of less than ten years for Defendant.

In addition to her testimony, the trial court also considered Defendant's "presentencing memorandum" and Defendant's words of remorse.[11] Prior to sentencing Defendant, the trial court stated, "Mr. Bradley, I've certainly taken your mother's testimony into consideration, as well as the uh, [m]emorandum filed on behalf of you by your lawyer." The trial court further explained,

> [T]he Court is certainly empathetic to you for what you have, uh, had to endure, but at the same time, you more than anybody understand the impact that that type of crime has upon people, in particular, children. …And, again, in this Court's mind, you, as a victim, more than anyone, has to be in the position to understand the horrific impact to every one of those children who were forced. None of them were there doing that, uh, consensually. They were forced into doing that. And, you, whether you'd like to believe it or not, you had a part in that, because you contributed to the fact that people make those types of videos, because you had plenty of them that you were possession. [sic]

The trial court then sentenced Defendant.

---

[11] Defendant uttered, "I want to apologize to everyone. And just – It, it wasn't – I didn't – I didn't have anything – I wasn't trying to do anything wrong. It's a crime, and most of all, I just want to say I'm sorry. Just, I'm sorry."

**Motion for Reconsideration of Sentence and May 5, 2022 Hearing**

In the court below, Defendant contended in his Motion for Reconsideration of Sentence that the imposed sentences were excessive and that lower sentences should be imposed in conformity with fairness and state and federal constitutional standards.

At the May 5, 2022 hearing on Defendant's Motion for Reconsideration of Sentence, Defendant waived oral arguments and submitted on the motion. The State argued that the trial court heard and reviewed all of the evidence presented at trial, and the sentences imposed were appropriate and that Defendant's request for a reduction should be denied. In reply, Defendant contended that the trial court heard the testimony of Defendant's mother, recounting that he was a victim of sexual abuse at a young age, and that the trial court should reconsider sentencing him to a number closer to the plea offer of ten years.

At the conclusion of the hearing, the trial court denied Defendant's motion to reconsider the sentence. Defendant objected to that ruling. The trial court explained the reasons for the denial, by stating:

> [A]t the time of my initial sentencing gave consideration to the
> testimony of the Defendant's mother who did come and testify. The
> Court listened to attentively to her testimony and the Court likewise
> took into consideration the memorandum, sentencing memorandum,
> filed by defense counsel. The Court did sit through the trial of this
> matter. I saw the countless images of pornography of children well
> under the age of thirteen and for the same reasons that, I articulated at
> the time that I sentenced the Defendant at this time [sic].

Excessive Sentences

Under La. C.Cr.P. art. 881.1, "Absent the filing of a timely written motion for reconsideration of sentence or making of an oral objection at the sentencing hearing, a defendant is precluded from urging on appeal any ground of objection to the sentence." The failure to state the specific grounds upon which the motion is based precludes the defendant from raising those grounds on appeal. *State v.*

*Decay*, 01-192 (La. App. 5 Cir. 9/13/01), 798 So.2d 1057, 1075, *writ denied*, 01-2724 (La. 8/30/02), 823 So.2d 939.  Such a failure limits a defendant to a bare review of the sentence for unconstitutional excessiveness.  *State v. Carter*, 07-270 (La. App. 5 Cir. 12/27/07), 976 So.2d 196, 203.

In the instant case, Defendant filed a written motion for his sentences to be reconsidered in the lower court.  However, Defendant failed to state the specific grounds or the legal basis for a reduction in his sentences within his motion.  At the May 5, 2022 hearing, Defendant waived oral argument and submitted on the motion; however, after the State's responsive argument that the trial court should deny Defendant's motion in light of the evidence presented at trial, Defendant submitted a rebuttal argument to the trial court.  Specifically, Defendant emphasized that the trial court heard the testimony of his mother, recounting that Defendant was a victim of sexual abuse at a young age and Defendant should be sentenced in a range closer to the ten years offered in connection with the plea offer.

Presently, on appeal, for the first time, Defendant raises three grounds, arguing that the sentences imposed are excessive.  As previously discussed above, on appeal, Defendant asserts the trial court failed (1) to individualize the sentence imposed, (2) to take into consideration that defendant can be rehabilitated with proper treatment such that his long prison term serves no purpose, and (3) to consider defendant did not consider that his criminal conduct would cause serious harm in accordance with La. C.Cr.P. art. 894.1(B)(23).[12]  The only ground raised in Defendant's motion to reconsider sentence was unconstitutional excessiveness.  Also, at the hearing on his motion, in oral argument, Defendant asserted he was a

---

[12] This Court has held that when the specific grounds for objection to the sentences, including alleged non-compliance with La. C.Cr.P. art. 894.1, are not specifically raised in the trial court, these issues are not included in the bare review for constitutional excessiveness, and the defendant is precluded from raising these issues on appeal.  *State v. Clark*, 19-518 (La. App. 5 Cir. 6/24/20), 296 So.3d 1281, 1291, *writ denied*, 21-62 (La. 3/9/21), 312 So.3d 585.

victim of sexual abuse. Although Defendant's first assertion in his motion is encompassed in the review for unconstitutional excessiveness, his two remaining contentions, grounds two and three, were not raised at the trial court level, as required by La. C.Cr.P. art. 881.1. Therefore, Defendant is precluded from raising those issues on appeal.[13] Accordingly, he is limited to a bare review of his sentences for unconstitutional excessiveness. *See State v. Hernandez-Zuniga*, 11-378 (La. App. 5 Cir. 12/13/11), 81 So.3d 129, 134, *writ denied*, 12-28 (La. 4/20/12), 85 So.3d 1268.

The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. *State v. Pike*, 18-538 (La. App. 5 Cir. 5/8/19), 273 So.3d 488, 498, *writ denied*, 19-927 (La. 2/10/20), 292 So.3d 60. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. *Id*. The trial judge is afforded broad discretion in sentencing, and a reviewing court may not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D). The sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v. Hankton*, 20-388 (La. App. 5 Cir. 7/3/21), 325 So.3d 616, 623, *writ denied*, 21-1128 (La. 12/7/21), 328 So.3d 425.

In reviewing a sentence for excessiveness, an appellate court must consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock its sense of justice, while recognizing the trial court's wide discretion. *State v. Picard*, 19-593 (La. App. 5 Cir. 3/17/21), 316 So.3d 129, 140, *writ denied*, 21-570 (La. 6/22/21), 318 So.3d 704.

---

[13] A motion for reconsideration of sentence must set forth specific grounds upon which the motion is based. La. C.Cr.P. art. 881.1. The failure to state the specific grounds upon which a motion to reconsider is based precludes a defendant from raising issues relating to statutory errors or deficiencies, such as compliance with La. C.Cr.P. art. 894.1, and limits a defendant to a review of the sentence for constitutional excessiveness only. *State v. Hunter*, 11-787 (La. App. 5 Cir. 4/24/12), 94 So.3d 797, 800.

In the case at bar, Defendant was convicted of six counts of pornography involving juveniles under the age of 13, and he faced an increased sentencing range under La. R.S. 14:81.1(E)(5)(a). However, that statute references La. R.S. 14:81.1(E)(1)(a), which provides the sentencing range regardless of the ages of the juveniles involved. Thus, both La. R.S. 14:81.1 (E)(1)(a) and La. R.S. 14:81.1(E)(5)(a) must be considered to review Defendant's sentences in the instant case.[14]

La. R.S. 14:81.1(E)(5)(a) states:

> Whoever commits the crime of pornography involving juveniles punishable by the provisions of Paragraph (1), (2), or (3) of this Subsection when the victim is under the age of thirteen years and the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than one-half the longest term nor more than twice the longest term of imprisonment provided in Paragraph (1), (2), and (3) of this Subsection. The sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

La. R.S. 14:81.1 (E)(1)(a) provides:

> Whoever intentionally possesses pornography involving juveniles shall be fined not more than fifty thousand dollars and shall be imprisoned at hard labor for not less than five years or more than twenty years, without benefit of parole, probation, or suspension of sentence.

At the time of the offenses in the instant case, the penalty for pornography involving juveniles pursuant to La. R.S. 14:81.1 (E)(1)(a), provided a sentencing range of five to 20 years at hard labor, to be served without the benefit of parole, probation, or suspension of sentence. Because Defendant was convicted of pornography involving juveniles under the age of 13 and was an offender over the age of 16, he faced an increased sentencing range under La. R.S. 14:81.1(E)(5)(a)

---

[14] As a general rule, the law in effect at the time of the commission of a crime is determinative of the sentence the convicted must serve. *State v. Sugasti,* 01-3407 (La. 6/21/02), 820 So.2d 518, 520 (citing *State v. Wright,* 384 So.2d 399, 401 (La. 1980)); *State v. Henry,* 17-516 (La. 5/26/17), 220 So.3d 706, 707 (citing *State v. Mayeux,* 01-3195 (La. 6/21/02), 820 So.2d 526, 530); *State v. Gonzalez,* 15-26 (La. App. 5 Cir. 8/25/15), 173 So.3d 1227, 1239. Therefore, a trial court must sentence a defendant in accordance with the penalty provision of a criminal statute in effect at the time the crime took place. *Sugasti,* 820 So.2d at 520 (citing *State v. Narcisse,* 426 So.2d 118, 130-31 (La. 1983), *cert. denied*, 464 U.S. 865, 1045 S.Ct. 202, 78 L.Ed.2d 176 (1983)).

of ten to 40 years, at hard labor, to be served without the benefit of parole, probation, or suspension of sentence. Thus, in accordance with both La. R.S. 14:81.l (E)(1)(a) and La. R.S. 14:81.1(E)(5)(a), the penalty for pornography involving juveniles under the age of 13 consists of a range of ten to 40 years, at hard labor, to be served without the benefit of parole, probation, or suspension of sentence.

Further, in the instant case, the trial court did not impose a fine as part of the sentence. La. R.S. 14:81.1(E)(5)(a) does not mention a fine. However, that statute references La. R.S. 14:81.1(E)(1)(a), which does require a fine of "not more than fifty thousand dollars."

A review of the record reveals that at the April 13, 2022 sentencing hearing, the trial court imposed a mid-range concurrent terms of imprisonment of 25 years at hard labor without the benefit of parole, probation, or suspension of sentence for each of the six counts of pornography involving juveniles under the age of 13 convictions. Defendant could have received a sentence of 40 years imprisonment for each conviction, instead of the 25 years imposed for each conviction. Additionally, "one who intentionally possesses child pornography can be charged on a separate count, and sentenced separately for each count upon which he or she is convicted, for each child in each sexual performance captured within photographs, films, videotapes, and/or other visual reproductions that comprise the defendant's collection of child pornography." *State v. Fussell*, 06-2595 (La. 1/16/08), 974 So.2d 1223, 1238.[15] Instead, Defendant received mid-range sentences for each of the six convictions of pornography involving juveniles under the age of 13.

---

[15] In *Fussell*, *supra*, the Louisiana Supreme Court held that "since [d]efendant in the instant matter possessed at least sixteen computer-printed photographs of a different child in a different sexual performance, we hold that the Third Circuit Court of Appeal improperly reduced defendant's convictions for the intentional possession of pornography involving juveniles to a single conviction."

Here, at trial, through Defendant's recorded interview, the State established that Defendant had several images and videos consisting of child pornography of juveniles under the age of 13. The testimony of Agents Gohn and Brown also supported that Defendant had at least 60 videos and images of pornography involving juveniles under the age of 13 stored in his Dropbox account and 400 gigabytes that contained at least 10 videos and images of pornography involving juveniles under the age of 13 on his personal storage devices.

As previously discussed, at sentencing, the trial court took into account the testimony of Defendant's mother, along with Defendant's words of remorse and acknowledgment of wrongful conduct. The trial court also considered the presentence memorandum prepared by Defendant, which stated that Defendant had no prior criminal history and a history of sexual abuse as a victim. However, the trial court also took into consideration, at sentencing, that Defendant was in possession of a large number of pornographic photographs of juveniles under the age of 13. The trial court emphasized that Defendant contributed to the dissemination of the imagery containing child sexual abuse. Agent Gohn testified that the images and videos did not just appear on Defendant's devices as a "pop-up" advertisement, and Defendant actually communicated on the "dark web" with others who would send child pornography to Defendant. The record further confirms that once Defendant received the child pornography in the form of images and videos, Defendant downloaded it to his personal data storage devices.

After review, we find Defendant's sentences were at the midpoint of the sentencing range, and the record shows an adequate factual basis for the sentences imposed. We further determine that the sentences are not unconstitutionally excessive, not out of proportion to the seriousness of the offenses, not purposely and needlessly inflicting pain and suffering, and do not shock the sense of justice.

Additionally, we find that the concurrent 25-year sentences imposed on Defendant by the trial court were within the statutory sentencing range.

Errors Patent Review

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990). We found no errors that require corrective action.

**DECREE**

For the foregoing reasons, we affirm Defendant's convictions for possession of pornography involving juveniles under the age of 13 and the concurrent 25-year sentences imposed for his convictions.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## <u>NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY <u>**MARCH 1, 2023**</u> TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-KA-381**

### <u>E-NOTIFIED</u>
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
MONIQUE D. NOLAN (APPELLEE)       THOMAS J. BUTLER (APPELLEE)

### <u>MAILED</u>
MARY CONSTANCE HANES (APPELLANT)
ATTORNEY AT LAW
LOUISIANA APPELLATE PROJECT
POST OFFICE BOX 4015
NEW ORLEANS, LA 70178-4015

HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
LYNN SCHIFFMAN (APPELLEE)
DISTRICT ATTORNEY
REBECCA KEHOE (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053