FREDERICKA HOMBERG WICKER, Judge.
| gShaveen Ray Hill, defendant, pled guilty on June 5, 2009 to two counts of possession with intent to distribute cocaine in violation of La. R.S. 40:967(A)(1). Defendant now appeals, arguing that the trial court erred both by denying his motion to continue his sentencing hearing and by imposing an unconstitutionally excessive sentence. For the following reasons, we find defendant’s assignments of error to be without merit. Therefore, this Court affirms the judgment of the trial court.
Facts
On or about October 17, 2006 and on or about December 19, 2006, defendant knowingly distributed cocaine to an undercover police officer. On June 5, 2009, defendant pled guilty to two counts of distributing cocaine in violation of La. R.S. 40:967(A)(1). The trial judge then ordered a pre-sentence investigation report and set bond for defendant at $5,000.
|3Before sentencing, the trial judge received and considered defendant’s pre-sen-tence investigation report and reference letters submitted on his behalf. The pre-sentence report showed, among other things, that on May 20, 2009, defendant began the IPH, Inc. program for substance abuse treatment and education courses. On September 8, 2009, defendant filed a motion to continue his sentencing hearing because defendant was then “housed in a treatment facility” and was not scheduled to be released at that time. The trial court denied this motion.
The next day, the trial court held defendant’s sentencing hearing. It sentenced defendant on each count to a term of 20 years at hard labor, the first two years without benefit of parole, probation, or suspension of sentence. The court ordered each of these terms to be served concurrently. On June 14, 2011, defendant filed an application for post-conviction relief, seeking an out-of-time appeal. On September 29, 2011, the trial court granted defendant an out-of-time appeal.
Discussion

First Assignment

Defendant argues on appeal first that the trial court manifestly erred when it denied his motion for a continuance and thereby did not allow him to complete his drug treatment program.
*1212 A motion for a continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor. La.C.Cr.P. art. 712. The decision of whether to grant or refuse a motion for a continuance rests within the sound discretion of the trial judge and a reviewing court will not disturb such a determination absent clear abuse of discretion. State v. Shannon, 10—580, p. 11 (La.App. 5 Cir. 2/15/11), 61 So.3d 706, 715, writ denied, 11-0559 (La.9/30/11), 71 So.3d 283 (citations omitted). In addition, this Court generally declines to reverse convictions even on a showing of an improper denial of a motion for a continuance absent a showing of specific prejudice. Id.
Here, defendant began his drug treatment program on May 20, 2009, but waited until the day before his sentencing hearing, September 8, 2009, to file his motion for a continuance. In addition, defendant’s motion for a continuance had no supporting documents attached which indicated he was in a treatment facility. Finally, defendant’s motion for a continuance did not state the purpose of his treatment, nor did it argue why he would be prejudiced in his sentencing by not being able to complete his treatment.
On these facts, this Court cannot say the trial court abused its discretion by denying defendant’s motion for a continuance. Therefore, defendant’s first assignment of error is without merit.

Second Assignment

Defendant also argues on appeal that the trial court abused its discretion by sentencing him to an excessive sentence. Here, the trial court sentenced defendant to serve two terms of twenty years at hard labor, concurrently, the first two years of which to be served without benefit of parole, probation, or suspension of sentence. Appellate review of sentences for exces-siveness is a two-pronged inquiry. State v. Lobato, 603 So.2d 739, 751 (La.1992). First, the record must show that the sentencing court complied with La.C.Cr.P. art. 894.1. Id. If this prong is met, a constitutional inquiry as to the excessiveness of the sentence follows. Id.
IflHere, however, the record shows defendant did not make a timely oral or written motion to reconsider sentence pursuant to La.C.Cr.P. art. 881.1(A)(1). This failure to make or file a motion to reconsider sentence or to state the specific grounds upon which the motion is based, limits a defendant to a review of the sentence for constitutional excessiveness only. State v. Hunter, 10-552, pp. 4-5 (La.App. 5 Cir. 1/11/11), 59 So.3d 1270, 1272.
Whether a sentence is unconstitutionally excessive, and therefore invalid, is governed by both the Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Nguyen, 06-969, pp. 5-6 (La.App. 5 Cir. 4/24/07), 958 So.2d 61, 64, writ denied, 07-1161 (La.12/7/07), 969 So.2d 628. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lawson, 04-334, p. 6 (La.App. 5 Cir. 9/28/04); 885 So.2d 618, 622.
A trial judge has broad discretion in imposing sentence, and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Dorsey, 07-67, p. 5 (La.App. 5 Cir. 5/29/07); 960 So.2d 1127, 1130. The appel *1213 late court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Pearson, 07-332, p. 15 (La.App. 5 Cir. 12/27/07); 975 So.2d 646, 656. In reviewing a trial court’s sentencing discretion, three factors are considered: (1) the nature of the crime; (2)the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. State v. Pearson, 07-332, p. 15 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656.
| (¡Applying the first factor, the trial court noted that the offender received something of value for the commission of the offense, and that the offense involved a controlled dangerous substance from which defendant received substantial income or resources from ongoing drug activities. Applying the second factor, the trial court noted that defendant’s pre-sen-tence investigation report indicated that he is a fourth felony offender whose prior convictions include a conviction for assault by drive-by shooting. Finally, this Court finds that defendant’s sentence is similar to sentences imposed for similar crimes by the same court and other courts. See State v. Staton, 05-612, p. 1 (La.App. 3 Cir. 2/1/06), 922 So.2d 1216, 1217, writ denied, 06-1249 (La.11/22/06), 942 So.2d 553. In light of the foregoing, this Court finds that the trial court did not abuse its discretion by imposing an unconstitutionally excessive sentence. Therefore, defendant’s second assignment has no merit.

Error Patent Review

This Court has conducted a review for errors patent in accordance with La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.

Conclusion

For the reasons explained above, this Court hereby affirms defendant’s sentence.

AFFIRMED