STATE OF LOUISIANA

VERSUS

LESTER HAYNES

NO. 23-KA-494

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 22-3432, DIVISION "N"
HONORABLE STEPHEN D. ENRIGHT, JR., JUDGE PRESIDING

July 31, 2024

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Amanda L. Calogero, Pro Tempore

**AFFIRMED; REMANDED FOR CORRECTION OF THE UNIFORM**
**COMMITMENT ORDER**
      **SJW**
      **JJM**
      **ALC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
LESTER HAYNES
        Bertha M. Hillman

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
        Honorable Paul D. Connick, Jr.
        Thomas J. Butler
        Matthew R. Clauss

**WINDHORST, J.**

In this criminal appeal, defendant/appellant, Lester Haynes, seeks review of his enhanced sentence of 20 years without the benefit of parole, probation or suspension of sentence as a second felony habitual offender. We affirm defendant's enhanced sentence.

**PROCEDURAL HISTORY**

On July 26, 2022, the Jefferson Parish District Attorney filed a bill of information charging defendant, Lester Haynes, with possession of a firearm by a convicted felon ("felon in possession of a firearm") in violation of La. R.S. 14:95.1 (count one)[1] and obstruction of justice in violation of La. R.S. 14:130.1 (count three). Defendant was arraigned on July 27, 2022, and pled not guilty.

After a one-day trial on February 13, 2023, a twelve-person jury found defendant guilty as charged of felon in possession of a firearm and obstruction of justice. Defendant filed motions for new trial and post-verdict judgment of acquittal, both of which the trial court denied. Thereafter, the trial court sentenced defendant to ten years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence (count one)[2] and to five years imprisonment at hard labor (count three). The trial court ordered the sentences to run concurrently with one another and any other sentence defendant may currently be serving.

On July 19, 2023, the State filed an habitual offender bill of information, alleging defendant to be a second-felony offender as to count one (possession of a firearm by a convicted felon). The State alleged that on June 18, 1997, defendant pled guilty to armed robbery in case number 383682, in Orleans Parish Criminal District Court. After a habitual offender hearing, the trial court adjudicated

---

[1] The bill of information states that defendant was previously convicted of carjacking on April 19, 2016, in Orleans Parish Criminal District Court under case number 525-963.

[2] The trial court initially imposed a $1,000 fine as part of defendant's sentence, but suspended the fine finding the fine would be unduly burdensome.

defendant to be a second-felony offender on count one. The trial court properly vacated defendant's original sentence on count one, and re-sentenced defendant to 20 years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence on count one. The court ordered defendant's sentence to run concurrently with "any other sentence [defendant] might currently be serving."

In response to his enhanced sentenced of 20 years imprisonment as a second-felony offender, defendant filed a motion to reconsider sentence, which the trial court denied. In denying the motion, the trial court acknowledged it initially sentenced defendant to ten years. However, the trial court stated that it believed the increased 20-year sentence was warranted, because it learned defendant had a prior armed robbery conviction based on the habitual offender bill. On appeal, defendant argues his enhanced sentence is constitutionally excessive.

**TRIAL EVIDENCE**

On July 3, 2022, Officer Brandon McCormick with the Kenner Police Department responded to a call regarding suspicious subjects possibly engaged in burglary on Mariette Street in Kenner. The subjects were reported to be in an older model GMC truck. On his way to the scene, Officer McCormick observed a vehicle with three males in it, matching the GMC's description and traveling away from Mariette Street. Officer McCormick pulled his marked police unit behind the vehicle and began to follow it. According to Officer McCormick, the vehicle made a left turn to proceed north on Williams Boulevard. Officer McCormick activated his lights to initiate a traffic stop.

Although Officer McCormick had activated his lights to stop the vehicle, it did not stop and proceeded north on Williams Boulevard and approached the ramp to enter I-10. One of the passengers exited the passenger side and attempted to flee on foot. The vehicle then continued onto 1-10. Officer McCormick informed other

officers about the subject attempting to flee on foot and the direction of the subject's flight.

Officer McCormick stated that once on the interstate, the vehicle still refused to stop. He estimated the vehicle's speed to be between sixty and seventy miles per hour and three to five car lengths between him and the vehicle.

While in pursuit of the vehicle, Officer McCormick witnessed a firearm being thrown out of the passenger-side window. He knew it was a gun because he saw sparks when it hit the cement. Approximately thirty to sixty seconds later, the vehicle tried to merge into another lane, struck another vehicle, and proceeded eastbound on I-10. The State then asked how the officer knew the passenger threw the gun out of the passenger-side window. Officer McCormick explained that based on his experience, when a driver throws an object out of the window, the driver typically veers the vehicle in the direction corresponding to the side from which the object was thrown. He believed the passenger threw the gun in this case because the gun was thrown out of the passenger-side window, and the driver did not appear to lose control of the vehicle. He recalled that once the vehicle stopped, defendant, Lester Haynes, exited the vehicle from the passenger side. Derrick Williams was identified as the driver.

Officer Fabian Valera with the Kenner Police Department assisted in defendant's pursuit and detainment and in the search for the firearm Officer McCormick had witnessed being thrown from the vehicle on I-10. Officer Valera found a Smith and Wesson firearm and a magazine on the southside in the 2200 block of East I-10. He stated the firearm had scuff marks on it and looked as though it had been thrown from a vehicle.

Officer Chase Lawler with the Kenner Police Department also assisted in the pursuit of defendant's accomplices. When Officer Lawler heard that someone was fleeing on foot towards Williams Boulevard, Officer Lawler headed in that direction

to apprehend the accomplice. He apprehended that accomplice, Essie Tollier, and learned from Mr. Tollier a gun was inside the vehicle. He brought Mr. Tollier to jail for booking and proceeded to the crime scene where other subjects, Derrick Williams (the driver) and defendant (the passenger), had been apprehended.

At the crime scene, Officer Lawler looked through the vehicle's window and observed items suggestive of burglary, such as a reciprocating saw commonly used to cut catalytic converters, in the vehicle. While Officer Lawler was securing a search warrant, he discovered the GMC vehicle had been reported stolen.

Williams, the GMC driver, testified at trial that he pled guilty to aggravated flight in September 2022 as a result of this case, and that he was currently incarcerated. Williams confirmed that on July 3, 2022, he fled from the police from Kenner down Interstate I-10, with defendant accompanying him in the GMC vehicle. Williams confirmed that at some point during the flight, a gun was tossed out of the vehicle's window. When asked who tossed the gun, Williams stated that he had "no idea" but identified who left the gun in the vehicle. He specified that the individual was a shorter person, not defendant, who had left the gun on the passenger side of the vehicle before he jumped out of the vehicle and ran.

When the State questioned, "Well, there were only two of you in the car, so, did you toss the gun out of the car?" Defendant responded, "No." The State then asked, "So, you're telling this jury that [defendant] tossed the gun out of the car?" Williams denied throwing the gun out of the vehicle, and he denied seeing defendant throw the gun out of the vehicle. To explain his awareness of the gun in the car, Williams clarified that it was the reason for the chase. He recounted that when the police lights activated behind the vehicle, he intended to pull over, but the third individual instructed him not to, revealing that he had a firearm. Williams testified that he complied with the third individual's instructions and ran from the police. He explained that he did not stop for the police after the third individual exited the

vehicle because he had drugs on him. After the State pointed out he had no charges relating to drugs, Williams stated that the drugs were found on defendant and not on him.

At trial, the State and defendant stipulated that on April 19, 2016, defendant was convicted of carjacking in violation of La. R.S. 14:64.2 in case number 525-963 of Division "H" of the Orleans Parish Criminal District Court and that his prior conviction was within the requisite ten-year cleansing period. The trial court accepted into evidence the certified conviction packet for this conviction.

## LAW and ANALYSIS

On appeal, defendant contends his 20-year enhanced sentence as a second felony offender is constitutionally excessive. He asserts that the trial court failed to give adequate consideration to mitigating circumstances and that there was only one aggravating circumstance applicable to him as listed in La. C.Cr.P. art. 894.1. He concedes that although the sentence is within statutory limits, it is constitutionally excessive and imposes an undue burden on Louisiana taxpayers, who must feed, house, and clothe him for the duration of his sentence.

The State responds that defendant's sentence is not constitutionally excessive, considering defendant's violent criminal history, and the sentence is well within statutory guidelines and far below the maximum sentence permitted under the Habitual Offender Law.

The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even if it is within the statutory limits, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Horne, 11-204 (La. App. 5 Cir. 2/14/12), 88 So.3d 562, 569, writ denied, 12-0556 (La. 06/01/12), 90 So.3d 437; State v. Nguyen, 06-969 (La. App. 5 Cir. 04/24/07), 958 So.2d 61, 64, writ denied, 07-1161 (La. 12/07/07), 969 So.2d

628. A sentence is grossly disproportionate if it shocks the sense of justice, when the crime and punishment are considered in light of the harm done to society. State v. Hill, 12-495 (La. App. 5 Cir. 12/18/12), 106 So.3d 1209, 1212; State v. Lawson, 04-334 (La. App. 5 Cir. 09/28/04), 885 So.2d 618, 622, writ denied, 05-0244 (La. 12/09/05), 916 So.2d 1048.

A trial court has vast sentencing discretion in imposing a sentence within statutory limits. State v. Williams, 03-3514 (La. 12/13/04), 893 So.2d 7, 16. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and therefore, is given broad discretion in sentencing. Id.; State v. Wilson, 14-878 (La. App. 5 Cir. 5/28/15), 171 So.3d 356, 367, writ denied sub nom. State v. Wilsom, 15-1204 (La. 5/27/16), 192 So.3d 741. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Johnson, 22-300 (La. App. 5 Cir. 8/9/23), 370 So.3d 140, 146.

An appellate court cannot set aside a sentence as excessive absent a manifest abuse of discretion. State v. Williams, 893 So.2d at 16. On appellate review of a sentence, the relevant question is "whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." Id. at 16-17; State v. Aguliar-Benitez, 21-174 (La. 10/10/21), 332 So.3d 618, 620.[3] In considering whether the trial court abused its discretion in sentencing a defendant, a reviewing court should consider 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentences imposed for similar crimes by other courts. State v. Wilson, 171 So.3d at 367. In reviewing a sentence for excessiveness, the reviewing court shall consider the crime and the punishment in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice, while recognizing the trial court's wide discretion. State v.

---

[3] An appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4 D; State v. Woods, 20-73 (La. App. 5 Cir. 9/9/20), 303 So.3d 404, 406, writ denied, 21-27 (La. 2/17/21), 310 So.3d 1150.

Hankton, 20-388 (La. App. 5 Cir. 7/3/21), 325 So.3d 616, 623, writ denied, 21-1128 (La. 12/7/21), 328 So.3d 425.

Defendant's sentencing exposure as a second felony offender was determined based on La. R.S. 15:529.1 A(1). Pursuant to this provision, "If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction." Applying this provision here, defendant was exposed to a sentencing range of about six years and eight months to 40 years as a second-felony offender.

The 20-year enhanced sentence imposed upon defendant clearly falls within the statutory range. Nonetheless, we must consider whether the imposition of this sentence that falls within the statutory limits violates defendant's constitutional right against excessive punishment. State v. Diaz, 20-381 (La. App. 5 Cir. 11/17/21), 331 So.3d 500, 521, writ denied, 21-1967 (La. 4/5/22), 335 So.3d 836. In doing so, we consider the nature of the crime, defendant's background, and sentences imposed for similar crimes in other cases. Id.

First, the nature of the crime committed by defendant, felon in possession of a firearm, reflects a disregard for the law. Evidence revealed that not only did defendant unlawfully possess a firearm, but he and his associates were in a stolen vehicle and were engaged in suspicious activity believed to involve burglary. Items suggestive of burglary[4] and drugs were found on defendant. In addition, defendant and Williams refused to stop their vehicle when Officer McCormick attempted to pull them over, and instead engaged in a high-speed chase on interstate, eventually colliding with another vehicle. Defendant also attempted to dispose of his firearm

---

[4] Officer Lawler saw a reciprocating saw commonly used to cut catalytic converters in the GMC vehicle.

by throwing it out of the vehicle while on the interstate. Defendant created a dangerous environment for other people in the area and demonstrated a disregard for human safety.

Second, with regard to defendant's criminal history, it is clear defendant has a history of violent crimes, including carjacking and armed robbery. Both of these prior convictions constitute crimes of violence under La. R.S. 14:2 B.

Third, a consideration of sentences imposed for similar crimes by this Court and other courts does not support defendant's claim of constitutional excessiveness.

In State v. Bell, 21-599 (La. App. 5 Cir. 6/22/22), 343 So.3d 914, writ denied, 22-1179 (La. 9/27/22), 347 So.3d 155, the defendant was convicted of possession of firearm by a convicted felon and was initially sentenced to 15 years imprisonment. After the defendant was adjudicated a second-felony offender, he received an enhanced sentence of 20 years imprisonment. Id. at 920. In finding defendant's mid-range sentence was not constitutionally excessive, this court considered (1) defendant's previous convictions for manslaughter and possession of a heroin; and (2) evidence defendant ran from the police, creating a dangerous environment and demonstrating a disregard for police authority and human safety. Id. at 923-24.

In State v. Martin, 17-1100 (La. App. 1 Cir. 2/27/18), 243 So.3d 56, writ denied, 18-568 (La. 3/6/19), 266 So.3d 901, the appellate court upheld the defendant's 40-year sentence as a second-felony offender with an underlying conviction for possession of a firearm by a convicted felon, noting that the defendant had prior convictions for drug-related felonies and simple burglary.

In State v. Brown, 42,188 (La. App. 2 Cir. 9/26/07), 966 So.2d 727, 753-54, writ denied, 07-2199 (La. 4/18/08), 978 So.2d 347, the appellate court found that a 30-year sentence for the defendant who was a second-felony offender with an underlying conviction for possession of a firearm by a convicted felon was not

excessive considering the defendant's extensive criminal history involved crimes of violence and narcotics-related offenses.

Considering the above, we do not find defendant's mid-range enhanced sentence is constitutionally excessive. Defendant's sentence is supported by the jurisprudence and falls well below the 40-year maximum penalty the trial court could have imposed. Accordingly, considering defendant's conduct, along with his prior convictions, we find the trial court did not abuse its discretion in imposing a 20-year enhanced sentence.

**ERRORS PATENT REVIEW**

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La. 1975), and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990).

The record contains a discrepancy between the habitual offender sentencing minute entry, the Louisiana Uniform Commitment Order (UCO), and the sentencing transcript as to the concurrent nature of the sentences. Where there is a conflict between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La. 1983).

The sentencing transcript reflects that on July 19, 2023, the court ordered defendant's sentence to run concurrently with "any other sentence [defendant] might currently be serving." The multiple offender sentencing minute entry states, "The Court ordered that the above sentence run concurrently with any other sentence defendant may be serving." In the UCO, the box is also checked next to "This sentence shall be concurrent with any or every sentence the offender is now serving," and it states the sentence is concurrent with "any other sentence defendant may be serving Jefferson, 24th JDC."

In State v. Shorter, 23-128 (La. App. 5 Cir. 11/29/23), 377 So.3d 421, this court found that the addition of "Jefferson, 24th JDC" on the UCO was not consistent

with the transcript and remanded the matter to correct the UCO to be consistent with the transcript.  <u>Id.</u>  We therefore remand this case to make the UCO consecutive sentence language consistent with the transcript.  We further direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the corrected UCO to the institution to which defendant has been sentenced and to the Department of Corrections' legal department.

**<u>AFFIRMED; REMANDED FOR CORRECTION OF THE UNIFORM COMMITMENT ORDER</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JULY 31, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 23-KA-494

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN D. ENRIGHT, JR. (DISTRICT JUDGE)
BERTHA M. HILLMAN (APPELLANT)          DARREN A. ALLEMAND (APPELLEE)          MATTHEW R. CLAUSS (APPELLEE)
THOMAS J. BUTLER (APPELLEE)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053